# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 905 | **DATE** | 1/10/2001 |
| **CASE TITLE** | Wireless Spectrum vs. Motorola Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, Motorola's motion for stay (9-1) is granted. Status hearing set to 1/8/2002 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN 1 2 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 13 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 JAN 10 PM 4:48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WIRELESS SPECTRUM TECHNOLOGIES, INC., ) ) ) Plaintiff, ) ) ) vs. ) ) ) MOTOROLA CORPORATION, ) ) Defendant. ) | Case No. 00 C 0905 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

JAN 1 2 2001

This is a patent infringement action filed February 14, 2000 by plaintiff Wireless Spectrum Technologies against defendant Motorola Corporation. Wireless holds Patent No. 4,736,453 ("the '453 Patent"), which is entitled "Method for Making Frequency Channel Assignment in a Cellular or Non-Cellular Radiotelephone Communications System." Wireless claims that Motorola has infringed on the '453 Patent by marketing its iDEN products and other cellular communications systems, and it seeks a permanent injunction and damages resulting from the alleged infringement. Motorola filed its answer in April and counterclaimed for a declaration of noninfringement and invalidity.

After this lawsuit was filed, Motorola asked the Patent Trademark Office ("PTO") to declare an interference and adjudicate the priority of invention between the '453 Patent and a pending Motorola patent application (the "Thro Patent") that claims the same subject matter as

1

13

the '453 Patent. Both parties agreed to delay the progress of this action until the PTO decided whether to institute an interference. The PTO declared Interference No. 104,502 ("the Interference") on August 11, 2000. This case is presently before the Court on Motorola's motion to stay pending the final outcome of the Interference.

Both parties agree that the grant of a stay is within the sound discretion of the Court based on the Court's inherent power to control its docket. *See Research Corp. v. Radio Corp. of America*, 181 F. Supp. 709, 710 (D. Del. 1960) (*citing Landis v. North American Corp.*, 299 U.S. 248, 254 (1936)). In deciding whether to grant a stay, the Court must consider the "possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case." *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991).

Motorola argues that a stay is appropriate in this case because it would eliminate the risk that the Court and the PTO will reach inconsistent results. Motorola is concerned that because a presumption of the validity of the '453 Patent exists in this lawsuit but does not exist in the Interference proceedings, *see Okada v. Hitotsumachi*, 16 U.S.P.Q.2d 1789, 1790 (Bd. Pat. App. & Int. 1990), it could suffer undue hardship resulting from a finding of validity in this Court and a finding of invalidity in the PTO. *See Research Corp.*, 181 F. Supp. at 711 (noting the effect of differing burdens in federal district court proceedings versus interference proceedings before the PTO). Motorola also argues that a stay would conserve the Court's and the parties' resources, because the PTO's determination could render this action moot. At the very least, Motorola claims, the Interference could simplify the issues before the Court by permitting the PTO to exercise its expertise in the matters of priority and patentability. Finally, Motorola argues that a

2

stay will not unfairly prejudice Wireless because, by the parties' agreement, this case has not progressed beyond the pleadings stage.

Wireless asserts that the equities militate against a stay of this action. Wireless is primarily concerned that the '453 Patent will expire before the PTO adjudicates the Interference,[1] which will prejudice Wireless by eliminating the possibility of obtaining a permanent injunction. Although Wireless admits that simultaneous litigation of the Interference and this action will strain its resources, it claims that this scenario is preferable to losing its right to a permanent injunction. Wireless also claims that a stay will not further the interests of judicial economy because the Interference primarily involves a single piece of prior art to the '453 claims, the Thro Patent, whereas this action will conceivably involve a broader range of issues. Finally, Wireless argues that the risk of inconsistent judgments is extremely low and in any event was precipitated by Motorola itself, which provoked the Interference after the instigation of this lawsuit.

The Court finds that the equities favor a stay. The Court agrees with Motorola that a stay will further the interests of judicial economy and the conservation of the parties' resources. The Interference involves the validity of the '453 Patent, the same issue currently before this Court. If the PTO with its unique expertise determines that all or some of the '453 Patent's claims are invalid, that determination will either dispose of this case entirely or at least aid the Court in adjudicating this case. *See American Telephone & Telegraph Co. v. Milgo Electronic Corp.*, 416 F. Supp. 951, 953 (S.D.N.Y. 1976) (staying infringement action because the PTO's adjudication of the priority issue "can only aid the court in its determination of this lawsuit"); *Childers Foods,*

---

[1] The '453 Patent is scheduled to expire in April 2005.

3

*Inc. v. Rockingham Poultry Marketing Co-op, Inc.*, 203 F. Supp. 794, 797 (W.D. Va. 1962) (staying infringement pending interference because PTO's determination of priority of invention would be "most helpful" to court); *Bayer v. Novartis Crop Protection Inc.*, 55 U.S.P.Q.2d 1509, 1511-12 (M.D. La. 2000) (staying infringement action pending interference because PTO's expertise would aid court in deciding case on the merits). Under these circumstances, there is no need for either party to spend time and money litigating both here and in front of the PTO at the same time. *See Childers*, 203 F. Supp. at 796 (noting that simultaneous proceedings in federal district court and the PTO are "wasteful and extravagant" where issues to be decided are very similar); *Bayer*, 55 U.S.P.Q.2d at 1511-12 (holding that simultaneous litigation of patent issues "would create an economic hardship on the parties and also result in the ineffective administration of justice").

Although the Court is sensitive to Wireless's concern that the Interference may impact its ability to obtain a permanent injunction, Wireless has failed to show either that the Interference is likely to outlast the '453 Patent[2] or that damages will not adequately remedy Motorola's alleged infringement in the event an injunction is unavailable. Further, Wireless agreed to suspend the onset of discovery in this action until the PTO determined whether it would declare an Interference.[3] Accordingly, this case has not progressed beyond the initial pleadings stage, and

---

[2]The Court has not found and neither party has cited any credible authority as to the likely duration of the Interference.

[3]Given Wireless's acquiescence in the suspension of discovery, the Court finds that Motorola's invocation of the Interference following the filing of the lawsuit has not occurred so late in the proceedings to compel the conclusion that Motorola acted solely for the purposes of delay. *Cf. Hamilton Industries, Inc. v. Midwest Folding Products Mfg. Corp.*, No. 89 C 8696, 1990 WL 37642, *1 (N.D. Ill. March 20, 1990) (granting stay pending patent reexamination).

there is no indication that a stay would create any tactical advantage or undue hardship for the parties. *See Bayer*, 55 U.S.P.Q.2d at 1512 (granting stay where lawsuit sat dormant for several months before PTO declared interference and stay would not confer tactical advantage on defendant). *Compare Amersham International v. Corning Glass Works*, 108 F.R.D. 71, 72 (D. Mass. 1985) (denying stay where PTO declared interference 1½ years after infringement suit and extensive discovery); *General Foods Corp. v. Struthers Scientific and International Corp.*, 309 F. Supp. 161, 162 (D. Del. 1970) (denying stay where interference proceedings declared one year after lawsuit filed and extensive discovery had already taken place). For this reason and the reasons stated above, the Court stays this lawsuit pending the final outcome of the Interference.

Motorola's motion for a stay [Item 9-1] is granted.

Dated: January 10, 2001

_____
MATTHEW F. KENNELLY
United States District Judge